# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| CHRISTOPHER BAKER, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. CIV-19-875-R |
| KEVIN L. WARD | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 122), Plaintiff's Motion for Leave to File Proposed Amended Complaint (Doc. No. 123), Defendants Motion to Strike Plaintiff's Surreply Brief (Doc. No. 128), and Defendants Motion for Relief (Doc. No. 129). Upon review, the Court finds as follows.

On August 20, 2018 Plaintiff Christopher Baker filed suit against Defendants Experian Information Solutions, Tim Puckett, and Kevin Ward in the United States District Court for the Eastern District of Texas. (Doc. No. 1). In his complaint, Plaintiff alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* In response, Defendant Ward filed a Motion to Dismiss for lack of personal jurisdiction. (Doc. No. 24). Before the Eastern District of Texas submitted judgment on Defendant Ward's motion, Plaintiff amended his complaint. (Doc. 95). In doing so, Plaintiff removed all claims against Defendant Ward. The amended complaint pled claims only against Defendants Experian and Mr. Puckett. Still, thereafter, the District Court for the Eastern District of Texas purported to sever the claims against Defendant Ward in Plaintiff's original

1

complaint and transferred them to this Court where jurisdiction was allegedly proper. (Doc. No. 118).

Mr. Ward moves for dismissal for lack of jurisdiction. He argues that when Plaintiff removed all claims against him in the amended complaint, the claims asserted in the original complaint were nullified. Mr. Ward asserts that the District Court for the Eastern District of Texas had no authority to transfer the claims against him, because those claims did not exist anymore by virtue of the superseding complaint. Plaintiff responds asserting that the transfer was proper and in the interest of justice. Upon review of the parties' submissions, the Court GRANTS Defendants Motion to Dismiss. The Court also finds moot Plaintiff's Motion for Leave to File Proposed Amended Complaint, Defendant's Motion to Strike Plaintiff's Surreply Brief, and Defendant's Motion for Relief.

According to the Tenth Circuit, a transferee court does not have authority to review the rulings of a transferor court. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516, n.6 (10th Cir. 1991). But "where a district court transfers a case without proper authority . . . a valid transfer has not been effectuated." *Id.* As a result, "the transferee court [has] no jurisdiction . . . and any judgment it may enter will be void." *Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir. 1969) (citations and internal quotation marks omitted).

The Court must then determine for itself whether transfer was proper. The District Court for the Eastern District of Texas purported to transfer Plaintiff's claims against Defendant Ward pursuant to 28 U.S.C. § 1631. That section states: "[W]here a court finds

that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought."

Section 1631 does not provide a proper basis for transfer. It is well-established that an "amended complaint supersedes the original complaint and renders the original complaint of no legal effect." *Franklin v. Kansas Dep't of Corr.*, 160 F. App'x 730, 734 (10th Cir. 2005). The claims against Mr. Ward—which are only found in Plaintiff's original complaint—were thus nullified upon Plaintiff's filing of his amended complaint. Section 1631 does not provide authority for a district court to transfer nullified claims. Put differently, the District Court for the Eastern District of Texas had no authority under § 1631 to transfer the claims against Defendant Ward because, at the time of transfer, no legal claims against Mr. Ward existed. A proper transfer was thus never effectuated, and this Court has no jurisdiction over the matter.

Accordingly, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff's Motion for Leave to File Proposed Amended Complaint, Defendant's Motion to Strike Plaintiff's Surreply Brief, and Defendant's Motion for Relief are therefore moot. If Plaintiff wishes to proceed, he may refile his claims against Mr. Ward with this Court.

**IT IS SO ORDERED** this 12th Day of November 2019.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE